# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

v.   Case No:  6:14-cr-112-Orl-18GJK-1

**JOSEPH WITCHARD,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S *PRO SE* MOTION TO DISMISS INDICTMENT (Doc. No. 44)**
>
> **FILED:** July 31, 2014
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant moves, in proper person, to dismiss the indictment against him (the "Motion"). Doc. No. 44.[1]  For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** the Motion.

**I.**  **BACKGROUND.**

On or about February 26, 2010, the United States (the "Government") served a search warrant on the Defendant's residence. *See* Doc. No. 44-1.  On April 30, 2014, Defendant was

---

[1] Defendant is presently represented by counsel.  However, on August 13, 2013, counsel moved for leave to withdraw. Doc. No. 48.  On August 28, 2014, the Court will hold a hearing on the motion to withdraw.  Doc. No. 53.  While a defendant represented by counsel may not normally be heard in proper person (see Local Rule 2.03(d)), due to the pending motion to withdraw and in the interests of efficiency, the Court will address the substance of the Motion.

indicted on thirty counts of mail fraud, filing false claims, theft of government property, and aggravated identity theft. Doc. No. 1. On May 1, 2014, Defendant was arrested on the charges stemming from the indictment. Doc. No. 4.

Defendant moves to dismiss the indictment on several grounds. First, Defendant argues that the delay between the Government's service of the search warrant and the Defendant's indictment and/or arrest violates the Defendant's right to a speedy trial. Doc. No. 44 at 2-3.[2] Second, Defendant maintains that his right to a speedy trial has been violated because, while he was serving a state prison sentence in 2011 for violation of probation, he was transported by the United States Marshals to this district to provide a handwriting sample to the grand jury, but he was not returned to state prison for approximately six (6) months. Doc. No. 44 at 3-5. Third, Defendant argues that, pursuant to Rule 48(b), Federal Rules of Criminal Procedure, the delay between the Government's execution of the search warrant and the Defendant's indictment constitutes an unnecessary delay warranting dismissal. Doc. No. 44 at 6-8. Fourth, Defendant contends that his constitutional rights were violated when he was arrested by Secret Service and Postal Service agents, who were investigating the Defendant. Doc. No. 44 at 9-10. With respect to this final argument, Defendant requests that the arrest warrant (Doc. No 4) be vacated. *Id*. On August 22, 2014, the Government filed a response (the "Response"). Doc. No. 51.

---

[2] Defendant states that the delay violated his right to a speedy trial because he was unable to be prosecuted along with his wife, who Defendant suggests was arrested and prosecuted on similar charges in 2011. Doc. No. 44 at 2-3. The undersigned is unaware of any indictment or arrest of Defendant's wife within the Middle District of Florida. Nevertheless, the undersigned will address the substance of Defendant's argument that the delay between the search warrant and the indictment violated the Defendant's rights.

## II.     ANALYSIS.

### A. Pre-Indictment Delay.

An indictment may be dismissed based upon delay in the following three situations, only one of which is potentially applicable here: "(1) delay between time of offense and institution of prosecution (governed by the Statute of Limitations); (2) delay between institution of prosecution (being held to answer to the district court) and filing of indictment or information (governed by the Sixth Amendment and Rule 48(b)); and (3) delay between institution of prosecution and trial (governed by the Sixth Amendment and Rule 48(b))." *United States v. Navarre*, 310 F. Supp. 521, 522 (E.D. La. 1969). *See also United States v. Sklaroff*, 323 F. Supp. 296, 312-313 (S.D. Fla. 1971) (the statute of limitations rather than Rule 48(b) and the Sixth Amendment apply to delay between the time of the offense and the initiation of prosecution). Here, the Defendant alleges that the indictment should be dismissed due to the delay between the Government's execution of the search warrant – February 26, 2010 – and his indictment and arrest – April 30 and May 1, 2014. Doc. No. 44 at 1-3, 6-8. Thus, neither Rule 48(b), Federal Rules of Criminal Procedure nor the Sixth Amendment right to a speedy trial apply to the facts of this case. *Navarre*, 310 F. Supp. at 522; *Sklaroff*, 323 F. Supp. at 312-313.

All of charges against the Defendant contained within the indictment are within the applicable statute of limitations. *See United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002) (statute of limitations for mail fraud is five (5) years from date of mailing); *United States v. Mikanda*, 416 F. App'x 126, 128 (3rd Cir. Mar. 3, 2011) (statute of limitations for filing false claims is five (5) years); *United States v. Arnold*, 2014 WL 66754, at * 1 (S.D. Ga. Jan. 7, 2014) (statute of limitations for theft of government property is five (5) years); *United States v. Wilson*, 2011 WL 5121098, at *2 (S.D. N.Y. July 11, 2011) (statute of limitations for aggravated identity

theft is five (5) years). *See also* Doc. No. 1 at 1-13 (showing that all of the alleged misconduct occurred on or after August 25, 2009, which is within the statute of limitations). Thus, because all of the offenses charged in the indictment are within the applicable statute of limitations, the delay between the offenses, the February 26, 2010 search warrant, and the April 30, 2014 indictment are presumptively reasonable. *See United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996) ("The limit on pre-indictment delay is usually set by the statute of limitations.").

The Eleventh Circuit has explained that the Due Process Clause can also "bar an indictment even when the indictment is brought within the limitations period." *Foxman*, 87 F.3d at 1222 (citing *United States v. Marion*, 404 U.S. 307, 323-27 (1971); *United States v. Lovasco*, 431 U.S. 783, 788-91 (1977)). In order to obtain a dismissal under this standard, a defendant must demonstrate "that pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *Foxman*, 87 F.3d at 1222 (emphasis added). In this case, Defendant has not alleged, much less demonstrated, any "actual substantial prejudice" he has suffered as a result of the delay. Doc. No. 44.[3] Accordingly, Defendant has failed to demonstrate that the delay between the offenses charged and the indictment violated Defendant's due process rights.

**B. Other Arguments.**

Defendant's other arguments are nonsensical and without merit. Defendant argues that the indictment in this case should be dismissed because of the sixth months he spent in the Seminole County Jail in 2011, while a serving an unrelated state prison sentence. Doc. No. 44 at 3-5. The time Defendant spent in the Seminole County Jail is not related to this case, does not impact

---

[3] The Defendant's argument that he has been prejudiced by not being prosecuted along with his wife is without merit. The Court is unaware of any pending or prior indictment or criminal complaint against Defendant's wife. Moreover, the Court is unaware of any authority supporting the Defendant's claim that spouses have the right to be jointly prosecuted.

Defendant's right to a speedy trial, and is not a basis to dismiss the indictment. Similarly, Defendant's argument that his constitutional rights have been violated because he was arrested by the same agents who were investigating Defendant's alleged criminal conduct and who may be witnesses against him at trial is simply without factual or legal merit. Doc. No. 44 at 10-11.

### III.   CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 44).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy