**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 6:14-cr-112-Orl-37GJK

JOSEPH WITCHARD

---

**ORDER**

This cause is before the Court on the following:

1. Defendant's Pro Se Motion to Dismiss Indictment (Doc. 44), filed July 31, 2014;

2. United States' Response to Motion to Dismiss and Motion for Clarification (Doc. 51), filed August 22, 2014;

3. Defendant's Motion to Strike the Government's Untimely Court Ordered Response to his Motion to Dismiss Indictment (Doc. 52), filed August 22, 2014;

4. Report and Recommendation of United States Magistrate Judge Gregory J. Kelly (Doc. 54), filed August 27, 2014; and

5. Defendant's Written Objections to Magistrate's Report and Recommendation or in the Alternative a Preliminary Petition for Writ of Prohibition (Doc. 58), filed September 4, 2014.

**STANDARDS**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made."

28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

On April 30, 2014, this criminal prosecution was initiated by the filing of a thirty-count grand jury Indictment (Doc. 1), which charged Defendant with mail fraud (Counts One through Nine), filing false claims (Counts Ten through Fifteen), theft of government property (Counts Sixteen through Twenty-One), and aggravated identity theft (Counts Twenty-Two through Thirty). After successfully seeking to have two appointed counsel disqualified from representing him (*see* Docs. 32, 33, 37, 43, 48), Defendant now represents himself (Doc. 57), and he has filed a Motion to Dismiss Indictment (Doc. 44). The Government filed an untimely response to the Motion (*see* Doc. 51; *see also* Doc. 50), and Defendant moved to strike the response (Doc. 52).

On August 27, 2014, Magistrate Judge Kelly entered a Report and Recommendation that the Court should deny Defendant's Motion to Dismiss. (Doc. 54 ("R&R").) Defendant filed written objections to the R&R concerning the second ground for dismissal raised in his Motion—arguing that his "arrest clock" began on January 13, 2011, when U.S. Marshall's took custody of him pursuant to a Writ of Habeas Corpus Ad Testificandum. (*See* Doc. 58, p. 3–4; Doc. 58-1, pp. 2–3.) Upon de novo review, the Court finds that the Defendant's objections are without merit. First, the fact that Defendant was in federal custody for a portion of the time that he served an unrelated state sentence provides no basis to dismiss the Indictment. Second, the cases cited by Defendant

concern improper civil detentions by the U.S. Immigration and Naturalization Service, and they have no bearing on the propriety or timing of the prosecution in this action. (Doc. 58, pp. 3–4.) Thus, the Court finds that Defendant's objections to the R&R are due to be overruled.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Strike the Government's Untimely Court Ordered Response to his Motion to Dismiss Indictment (Doc. 52) is **DENIED**.

2. Defendant's Written Objections to Magistrate's Report and Recommendation (Doc. 58) are **OVERRULED**.

3. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 54) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

4. Defendant's Pro Se Motion to Dismiss Indictment (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 11, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Defendant Joseph Witchard

U.S. Magistrate Judge Gregory J. Kelly