**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

v.   Case No. 6:14-cr-112-Orl-37GJK

JOSEPH WITCHARD,

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion for a New Trial (Doc. 99), filed December 4, 2014; and

2. United States' Response to Motion for New Trial or Motion to Dismiss (Doc. 102), filed January 15, 2014.

Upon consideration, the Court finds that the motion is due to be denied.

In a 30-count indictment, a grand jury charged Defendant with mail fraud, filing false claims, theft of government property, and aggravated identity theft. (Docs. 1, 90 (citing 18 U.S.C. §§ 287, 641, 1028A, 1341).) Trial on those charges began on Thursday, October 30, 2014, and adjourned at the end of the day. (Doc. 86.) The Court did not hold any proceedings on Friday, October 31, 2014. (*See* Docs. 76, 86.) Trial resumed on Monday, November 3, 2014 (Doc. 87), and concluded on Tuesday, November 4, 2014 (Doc. 88), when the jury returned a verdict finding Defendant guilty on all counts (Doc. 96).

On December 4, 2014, Defendant filed the instant motion for a new trial, in which he contends that the Court's one-day adjournment on Friday, October 31, 2014, violated his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial. (*See* Doc. 99, ¶ 4.) More specifically, Defendant does not contend that the adjournment itself prejudiced him; instead, he speculates:

> [W]ho is it to say that the government's prosecutor's key witnesses to the charges [were] going to attend trial on Friday[,] October 31, 2014, or the judge [would not have] granted a new or mistrial that day because of prosecutorial or . . . witness[] misconduct or illegal actions at trial in violation of one of [D]efendant's substantive rights[?]

(*Id.* ¶ 5.) Based on that argument, Defendant moves for a new trial and requests that the Court "dismiss" the jury's verdict. (*See id.* at 3–4 (wherefore clause).) The United States opposes. (Doc. 102.)

Federal Rule of Criminal Procedure 33 governs motions for new trials. Pursuant to Rule 33, the Court may, on a defendant's motion, "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, if the motion for a new trial is "grounded on any reason other than newly discovered evidence," then the motion "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). "The time limits of Rule 33 are jurisdictional," meaning that the Court "is without jurisdiction to grant a new trial using the 'in the interest of justice' standard unless the motion is filed within [14] days after return of the guilty verdict or within any extension of that time period granted by the trial judge within the [14-day] period."[1] *United States v. DiBernardo*, 880 F.2d 1216, 1223 (11th Cir. 1989).

Here, the jury returned its guilty verdict on November 4, 2014, but Defendant did not file his Rule 33 motion until December 4, 2014—well outside of Rule 33's 14-day filing window. (*See* Docs. 96, 99.) Defendants' motion is therefore due to be denied as untimely.[2]

---

[1] At the time of the *DiBernardo* opinion's publication, the Rule 33 filing period was only 7 days, but Rule 33 was amended in 2009 to extend that period to 14 days. *See* Fed. R. Crim. P. 33(b)(2).

[2] Alternatively, having considered Defendant's motion and its supporting authority, the Court finds that the interests of justice do not require a new trial in this case, and thus

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for a new trial (Doc. 99) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 21, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party

---

Defendant's motion is alternatively due to be denied on the merits. Any arguments raised in Defendant's motion but not specifically addressed in this Order are rejected.